UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| DONNA L. FORSYTHE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 2:19-CV-79-TAV-HBG |
| | ) | |
| FIRST FINANCIAL INVESTMENT FUND HOLDINGS, LLC et al., | ) ) | |
| | ) | |
| Defendants. | ) | |

## **MEMORANDUM AND ORDER**

This case is before the undersigned pursuant to 28 U.S.C. § 636, the Rules of this Court, and Standing Order 13-02.

Now before the Court is Plaintiff's Motion to Require Defendants to Amend their Answer or Deem Responses Admitted [Doc. 15], filed on July 24, 2019. Plaintiff additionally filed a Memorandum in support of her motion. [Doc. 16]. In the pending motion, Plaintiff seeks for the Court to enter an order requiring the Defendants to amend their Answer to comply with Federal Rule of Civil Procedure 8(b), or for the Court to deem the allegations in the Complaint admitted.

Plaintiff filed her Complaint against Defendants under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.*, on May 15, 2019. [Doc. 1]. Defendants subsequently filed an Answer [Doc. 10] to Plaintiff's Complaint on July 3, 2019. Plaintiff now challenges several of the Defendants' responses, claiming that Defendants improperly merely stated that "the allegations . . . call for a legal conclusion and therefore do not require a response" or "the statute (or document) speaks for itself and therefore a response is not required." [Doc. 16 at 1]. Specifically, Plaintiff asserts that Defendants' responses to Paragraphs 8, 9, 10, 11, 12, 14, 17, 37, 39, 40, 50, 51, 52, 67, 86, and 87 are in violation of Federal Rule of Civil Procedure 8(b) as they merely state that the

allegations in the Complaint call for a legal conclusion and therefore do not require a response. Further, Plaintiff maintains that Defendants' responses to Paragraphs 14, 15, 17, 24, 25, 26, 31, 34, 38, 46, 48, 49, 63, and 64 improperly state that the statute or document speaks for itself and do not require a response.

Rule 8(b) requires that a party, in responding to a pleading, "admit or deny the allegations asserted against it by an opposing party." Fed. R. Civ. P. 8(b)(1)(B). An allegation of the complaint is admitted if "a responsive pleading is required and the allegation is not denied." Fed. R. Civ. P. 8(b)(6). "Rule 8 provides for only three possible responses to allegations in a civil complaint: 1) admit the allegation; 2) deny the allegation; or 3) state that there is insufficient knowledge or information to form a belief about the truth of the allegation." *Revocable Living Trust of Stewart I v. Lake Erie Utilities Co.*, 3:14-cv-2245, 2015 WL 2097738, at *3 (N.D. Ohio May 5, 2015) (citing Fed. R. Civ. P. 8(b)(1)(5)).

In the event of a denial, a party must "fairly respond to the substance of the allegation." Fed. R. Civ. P. 8(b)(2). If a party does not intend to deny all of the allegations in a complaint, the party "must either specifically deny designated allegations or generally deny all except those specifically admitted." Fed. R. Civ. P. 8(b)(3). "Answers that neither admit nor deny, but simply demand proof of the plaintiff's allegations are insufficient to constitute a denial." *Bailey v. Gibson Hotel Mgmt., Inc.*, No. 3:18-CV-167, 2018 WL 5815548, at *4 (E.D. Tenn. Nov. 6, 2018).

First, the Court finds that Defendants have failed to respond in opposition to the Motion, and the time for doing so has expired. *See* E.D. Tenn. L.R. 7.2 ("Failure to respond to a motion may be deemed a waiver of any opposition to the relief sought."). In addition, the Court finds that Defendants' Motion is well-taken.

Plaintiff first challenges the Defendants' responses in the Answer merely stating that the allegations in the Complaint call for a legal conclusion. "Indeed, the response of 'calls for a legal conclusion,' however common, does not fall within the well-defined ambit of those approved by Rule 8 . . . Options afforded under this Rule should not exceed: admit, deny, or lack information to form a sufficient belief." *Joseph v. Ford Motor Co.*, No. 06-10274, 2009 WL 10680506, at *2 (E.D. Mich. Sept. 30, 2009) (quoting *Farrell v. Pike*, 342 F. Supp. 2d 433, 440 (M.D.N.C. 2004)); *see, e.g.*, *Nichia Corp. v. Vizio, Inc.*, No. 2:16-CV-00875-JRG, 2017 WL 10442228, at *2 (E.D. Tex. Nov. 15, 2017) ("This sort of answer 'violates the express Rule 8(b) requirement that all allegations must be responded to.' Perhaps even more importantly, it disregards established law that legal conclusions are an integral part of the federal notice pleading regime.") (internal citations omitted). Similarly, Rule 8 does not permit responses that indicate that "the document and testimony 'speaks for themselves.'" *Joseph*, 2009 WL 10680506, at *2 (quoting *State Farm Mut. Auto. Ins. v. Riley*, 199 F.R.D. 276, 278 (N.D. Ill. 2001)); *see, e.g.*, *Do It Best Corp. v. Heinen Hardware, LLC*, No. 1:13-CV-69, 2013 WL 3421924, at *6 (N.D. Ind. July 8, 2013).

In certain responses, Defendants failed to respond to the allegations in the Complaint; but rather only stated that the allegations "call for a legal conclusion and therefore do not require a response" [Doc. 10 at ¶ 40], or that a document or statute "speaks for itself and therefore a response is not required." [*Id.* at ¶ 25]. In other responses, Defendant admitted or denied a portion of the allegations in the Complaint, but improperly declined to respond to the remainder of the allegations by stating that the paragraph called for a legal conclusion or that the document speaks for itself. *See i.e.*, [*Id.* at ¶¶ 17, 37].

Plaintiff seeks for the Court to either require Defendants to amend their Answer or deem the allegations in the Complaint admitted. "The corollary to Rule 8 is the liberal amendment

3

policies embodied in [ ] Rule 15." *U.S. v. Vehicle 2007 Mack 600 Dump Truck, et al.,* 680 F. Supp. 2d 816, 826 (E.D. Mich. 2010). "Pertinent here, Rule 15 allows a party to amend with the opposing party's written consent or the court's leave, which the court 'should freely give leave when justice so requires.'" *Revocable Living Tr. of Stewart I v. Lake Erie Utilities Co.*, No. 3:14 CV 2245, 2015 WL 2097738, at *3 (N.D. Ohio May 5, 2015) (quoting Fed. R. Civ. P. 15(2)). Ultimately, Defendants are instructed to amend their answers to the challenged paragraphs to clearly state whether they admit, deny, or lack sufficient information to form a belief as to the truth of an averment.

Therefore, the Court finds Plaintiff's Motion [**Doc. 15**] well-taken, and it is **GRANTED IN PART**. While the Court will not deem the allegations in the Complaint admitted, the Defendants **SHALL** respond to each challenged paragraph of Plaintiff's Complaint in accordance with the requirements set forth in Rule 8(b) on or before **September 12, 2019.**

**IT IS SO ORDERED**.

ENTER:

Bruce Guyton
United States Magistrate Judge